UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM OF THE PRESS FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 25-2432 (RBW) |

**DEFENDANT'S MOTION TO STRIKE THE COMPLAINT**

Defendant the Department of Justice respectfully moves under Federal Rule of Civil Procedure ("Rule") 12(f) to strike in whole, or in part, the Complaint in this action.

**INTRODUCTION**

The entire background section (¶¶ 2-13) of Plaintiffs' Complaint (ECF No. 1) is full of "immaterial, impertinent, [and] scandalous" allegations that have no place in what should be a straightforward Freedom of Information Act ("FOIA") complaint. Rule 12(f) recognizes that a complaint is not a vehicle for attacking political adversaries or waging public relations campaign. Accordingly, the Court should strike the Complaint with leave afforded to Plaintiff to refile with the background section omitted. Alternatively, in the event the Court declines to strike the Complaint in full, the Court should issue an order striking the background section from the existing Complaint. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.").

Plaintiff, who by this FOIA action seeks only a single document—a memorandum through which the Department conveyed legal advice to its client, the President of the United States—need only "plausibly allege 'that [the Department of Justice] has (1) 'improperly'; (2) 'withheld';

(3) 'agency records'" in response to a procedurally compliant request—all without attempting to negate any potential affirmative defense. *Khan v. Dep't of Homeland Sec.*, Civ. A. No. 22-2480 (TJK), 2023 U.S. Dist. LEXIS 170712, at *11 (D.D.C. Sept. 25, 2023) (quoting *Citizens for Resp. & Ethics in Wash. ("CREW") v. United States*, 922 F.3d 480, 486 (D.C. Cir. 2019)); *CREW*, 922 F.3d at 488. And yet Plaintiff improperly devotes nearly one-third of the paragraphs in its Complaint to baseless allegations of ethical impropriety (Compl. (ECF No. 1) ¶¶ 2–3, 10), claims of illegality (*id.* ¶¶ 3-4), implications of self-dealing (*id.* ¶ 6), suggestions of improper influence on government policy (*id.* ¶ 8), critiques of government personnel decisions (*id.* ¶ 11), and even criticisms of the quality of the underlying gift discussed in the document Plaintiffs seek (*id.* ¶ 7). None of these impertinent and scandalous allegations belong in a FOIA complaint—and some of them do not even concern the subject matter discussed in the document Plaintiff seeks. *E.g., id.* ¶¶ 8 (discussing allegations relating to media companies), 12 (discussing an unrelated investigation). If Plaintiff wants to air its purported concerns, the place for that is the political arena—not a complaint in a FOIA case.

In short, the Court should grant this Motion to Strike, which satisfies Rule 12(f) several times over. Rule 12(f), like its Rule 8 counterpart, recognizes that "simplicity, conciseness and directness" are the hallmarks of modern pleadings. *See Clyde v. Broderick*, 144 F.2d 348, 350 (10th Cir. 1944); *see also* Fed. R. Civ. P. 8. As explained below, because Plaintiff has chosen instead to use its FOIA Complaint in this case to gratuitously launch a political attack on the integrity of the President and Attorney General, the Court should strike the Complaint or the offensive paragraphs.

**ARGUMENT**

Rule 12(f) is "the Court's means of enforcing Rule 8, which requires, among other things, that a pleading 'contain . . . a short and plain statement of the claim showing that the pleader is

entitled to relief' and that '[e]ach allegation . . . be simple, concise, and direct.'" *Khan,* 2023 U.S. Dist. LEXIS 170712, at *22. "When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint under Rule 12(f) and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules," *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015). Although motions to strike are generally disfavored, "if allegations in a complaint are irrelevant and prejudicial to the defendant, a motion to strike will be granted." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994). FOIA complaints are no exception. *Khan*, 2023 U.S. Dist. LEXIS 170712, at *23-24 (striking as immaterial to a FOIA complaint allegations relating to the requester's motive for requesting the records and also because the agency would be "prejudice[d] . . . with having to respond to them").[1]

This litigation concerns a FOIA request seeking the production of a single document. According to the Complaint, "[o]n May 15, 2025, [Plaintiff] submitted a FOIA request to [the Department] seeking a copy of a May 2025 memorandum sent by Attorney General Bondi to the White House Counsel's Office concluding that the Trump Administration's acceptance of a $400 million dollar plane from Qatar is 'legally permissible.'" Compl. (ECF No.1) ¶ 20. Plaintiff filed the instant action on July 28, 2025, claiming that Defendant's search was inadequate (apparently because it has in Plaintiff's view taken too long, despite being well within the usual timeline for

---

[1] In a subsequent decision, the court reconsidered in part its striking of certain background information related to "the identity of the officers involved [in the incident], whether data was extracted from [a] cell phone and shared with other agencies, and whether . . . a statement [was provided] to the officers" because those allegations "*could* be relevant to whether [the agencies] have adequately searched for relevant records." *Khan v. Dep't of Homeland Sec.*, Civ. A. No. 22-2480 (TJK), 2024 U.S. Dist. LEXIS 163952, at *13-14 (D.D.C. Sept. 12, 2024). Here, however, the FOIA request does not concern any equivalent incident as to which background information might be relevant.

searches on the expedited track) and that Defendant was wrongly withholding the requested record (apparently because Plaintiff had not received a determination on the request at the time the Complaint was filed).  *See id*. ¶¶ 24, 28–39.

Pleading those FOIA claims should be straightforward.  "[A] typical complaint need allege only that the plaintiff filed a FOIA request, exhausted administrative remedies or waited the required period of time, and did not receive a satisfactory response from the agency." *Forestwatch v. U.S. Forest Serv.,* 775 F. Supp. 3d 353, 371 (D.D.C. 2025).  A FOIA plaintiff is not required to plead facts to negate an anticipated affirmative defense.  *See CREW*, 922 F.3d at 488 ("If a plaintiff alleges that it has made a procedurally compliant request, the agency must then bear its burden to justify its withholding of records by, for example, demonstrating at summary judgment that the requested documents are exempt from disclosure.").  And, when, as here, the agency is alleged not to have made a determination within the applicable statutory period, the pleading obligation becomes more streamlined because the lack of a timely response obviates any need for plaintiff to allege error in an agency's determination.

All of this underscores just how out-of-bounds Plaintiff has gone with the irrelevant, scandalous and impertinent material in its Complaint.  Despite the straightforward nature of this FOIA action—involving a single request for a single document—Plaintiff's Complaint totals thirty-nine paragraphs, nearly one-third of which is devoted to allegations that are immaterial to the pleading of a FOIA action.  Compl. (ECF No. 1) ¶¶ 2-13.  In addition to being riddled with opinion, conjecture and speculation, several of these allegations make personal attacks on the President and the Attorney General, implying unethical or illegal conduct.

For instance, in paragraphs two through five, the Complaint implies that the acceptance of the aircraft from Qatar amounts to an "'illegal, unconstitutional pay-off from a foreign

government'" involving "murky" details that raise "'substantial ethical and legal questions,'" including a violation of the Foreign Emoluments Clause. *Id*. ¶¶ 2-5. In paragraph six, the Complaint implies self-dealing by the President, gratuitously alleging that "President Trump's announcement of the 'gift' [of the plane] arrived on the heels of reporting that the Trump company had struck a deal to build a luxury golf resort in Qatar." *Id*. ¶ 6. Paragraph seven questions the quality of the gift, while paragraph eight is riddled with immaterial allegations regarding private foundation donations and settlements of lawsuits brought by the President against media companies. *Id*. ¶¶ 7-8. Paragraph ten alleges that "Attorney General Bondi's decision not to recuse herself from this matter, despite her links to the Qatari government, adds to a growing body of questionable ethical practices that have arisen during her short tenure as Attorney General." *Id*. ¶ 10. That paragraph is followed by immaterial allegations concerning an alleged employment action involving a Departmental ethics official that occurred months after Plaintiff submitted the FOIA request. *Id*. ¶ 11. Paragraph 12 criticizes the handling of Department files related to the Jeffrey Epstein investigation. *Id*. ¶ 12.

The entire background section is irrelevant to Plaintiff's two FOIA claims, which together concern a single document. The Complaint should be stricken for that reason alone. *See* Fed. R. Civ. P. 12(f) (permitting a court to strike any "immaterial" matter); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 U.S. Dist. LEXIS 33793, at *33 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims"). But Plaintiff's Complaint is much worse than that. As recounted above, Plaintiff has filled its Complaint with the inflammatory, scandalous, and impertinent matters already described. *See* Fed. R. Civ. P. 12(f) (permitting the striking of "impertinent" or

"scandalous" matters).  The immateriality and scandalous nature of Plaintiff's allegations independently warrant striking the Complaint.  Together, they should compel that result.

In short, Plaintiffs should not be permitted to use their Complaint to impugn Defendant—much less non-parties like the President and Attorney General.  Thankfully, Rule 12(f) authorizes the Court to correct Plaintiff's abuse of the pleading process.  The Court should strike the Complaint or, at a minimum, its entire background section (¶¶ 2-13).

By email dated September 25, 2025, and pursuant to Local Rule 7(m), undersigned counsel for Defendant contacted Plaintiff's counsel to seek Plaintiff's position on the relief requested in this motion.  In that email, attempting to resolve the issue raised by this motion, counsel also requested that Plaintiff voluntarily file an amended complaint with the background section omitted.  By return email, counsel for Plaintiff advised that Plaintiff opposes the motion, will not voluntarily amend the Complaint to remove paragraphs 2 to 13, and plans to file an opposition to the motion.

*   *   *

## CONCLUSION

For the above reasons, the Court either should issue an order striking the Complaint, with Plaintiff granted leave to refile in accordance with the requirements of Rule 8, or issue an order striking the entire background section of the existing Complaint.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

BRIAN P. HUDAK, D.C. Bar #90034769
Chief, Civil Division

By: ___/s/ Jeremy S. Simon_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

*Attorneys for the United States of America*