IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM OF THE PRESS FOUNDATION, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 25-cv-2432-RBW |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| *Defendant*. | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE COMPLAINT

Defendant U.S. Department of Justice requests this Court take drastic action of striking *in its entirety* Plaintiff Freedom of the Press Foundation's Complaint.[1] Defendant's motion—which comes after DOJ sought and obtained two extensions to file a responsive pleading to Plaintiff's Complaint—is not justified by either the facts of the case or the applicable law, and the Court should not reward the Defendant for employing this dilatory tactic for the improper purpose of avoiding its FOIA obligations concerning a request for a single document. Instead, the Court should deny the motion to strike and order Defendant to promptly file an Answer to Plaintiff's Complaint.

### BACKGROUND

Plaintiff filed the Complaint in this action seeking a single record from Defendant pursuant to a May 15, 2025 Freedom of Information Act ("FOIA") request: "a copy of a May 2025

---

[1] Defendant, in the alternative, requests the Court strike the Complaint in part—specifically paragraphs 2 through 13— which make up the entire background section of Plaintiff's Complaint.

memorandum sent by Attorney General Bondi to the White House Counsel's Office concluding that the Trump Administration's acceptance of a $400 million dollar plane from Qatar is 'legally permissible.'" ECF No. 1, ¶ 20. Plaintiff sought expedited processing for this request, which Defendant Department of Justice ("DOJ") granted on May 16, 2025. ECF No. 1, ¶¶ 21-22. Despite the grant of expedited processing, Defendant did not produce the requested record or otherwise issue a final determination on whether it would comply with the request even within the 20 business days required by FOIA for a *non*-expedited request. *See* 5 U.S.C. §§ 552 (a)(6)(A)(i). Instead, on June 16, 2025, Defendant responded to a follow-up by Plaintiff by providing a "best estimate" of the processing time for this expedited-track request as "620 days"—in other words, projecting a response to Plaintiff's single-document FOIA request would not be issued until approximately January 25, 2027. ECF No. 1, ¶ 24.

Plaintiff filed this lawsuit on July 28, 2025, seeking production of the record it requested from DOJ through its May 15, 2025 FOIA request. ECF No. 1. The Complaint included a background section providing context with citations to and quotations from news stories and analysis—far from the "scandalous and impertinent" content Defendant suggests—to demonstrate the public interest in the issues surrounding the administration's acceptance of the gifted jet from Qatar, and to underscore the need for expeditious processing. *See* ECF No. 1, ¶¶ 2-13. Defendant has twice sought an extension of its deadline to answer Plaintiff's Complaint. *See* ECF Nos. 5, 7. Now, instead of answering Plaintiff's straightforward nine-page, 39-paragraph complaint, *see* ECF No. 1, Defendant delays this case further by seeking the drastic remedy of striking the entirety of Plaintiff's Complaint, or in the alternative to strike the portion of the Complaint in which Plaintiff provides background information related to Plaintiff's claims. *See* ECF No. 9, at 1.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading" only "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defendant moving under Rule 12(f) must meet a "high standard for prevailing on a motion to strike" by demonstrating that allegations are both "irrelevant" and "prejudicial to the defendant." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994).

"Courts disfavor motions to strike." *Aftergood v. C.I.A.*, 355 F. Supp. 2d 557, 565 (D.D.C. 2005). "Such motions are disfavored because, so long as the complaint states a claim and is otherwise legally sufficient, the efforts of the parties and the attention of the court are better spent on the substantive merits of the action rather than the contents of the pleadings." *Makuch v. F.B.I.*, No. CIV.A. 99-1094 RMU, 2000 WL 915767, at *1 (D.D.C. Jan. 7, 2000). "They are also disfavored 'because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic.'" *Id.* (quoting 5A Wright & Miller § 1380). "Thus, absent a 'strong reason for so doing,' courts will generally 'not tamper with pleadings.'" *Aftergood*, 355 F. Supp. 2d at 565 (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)). In considering a motion to strike, courts should "draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike." *Id.*

**ARGUMENT**

Defendant's motion to strike the entirety of Plaintiff's Complaint for the inclusion of 12 paragraphs of pertinent background information is unfounded. The motion to strike should be denied because (1) Defendant fails to show the pleading, or any portion therein is irrelevant; and (2) Defendant fails to show prejudice.

Though Defendant claims that Plaintiff need not "plead facts to negate an anticipated affirmative defense," ECF No. 9 at 2, this is not the appropriate standard for considering a motion to strike, nor does Defendant make a plausible showing that Plaintiff should be *prohibited* from pleading facts relevant to anticipated affirmative defenses.

Instead, matter pleaded in a complaint is only considered "immaterial and impertinent"—and thus subject to a potential motion to strike—where it "is not materially relevant to *any pleaded claim for relief or defense*." *Makuch*, 2000 WL 915767, at *2 (emphasis added). "[M]otions to strike are generally reserved for when it is clear that the allegations in question can have *no possible bearing* on the subject matter of the litigation." *Khan v. Dep't of Homeland Sec.*, No. CV 22-2480 (TJK), 2024 WL 4164644, at *5 (D.D.C. Sept. 12, 2024) (emphasis added) (internal quotation omitted). Here, Plaintiff's allegations—including those in paragraphs 2 through 13 of Plaintiff's Complaint, on which Defendant focuses its criticism—easily overcome that threshold.[2]

Here, the challenged paragraphs are in fact deeply "relevant to [the] pleaded claim[s] for relief or defense" in this action. *Makuch*, 2000 WL 915767, at *2. These allegations provide important context to support the claims in Plaintiff's Complaint in multiple ways.

As a preliminary matter, the challenged paragraphs of Plaintiff's Complaint constitute the factual basis underlying Plaintiff's request for expedition, as well as any future arguments that

---

[2] Defendant's argument relies heavily on comparisons to *Khan v. Dep't of Homeland Sec.*, No. CV 22-2480 (TJK), 2023 WL 6215359 (D.D.C. Sept. 25, 2023). However, that complaint was dramatically different in scope than Plaintiff's Complaint in this case. The Khan case featured a 44-page, 190-paragraph complaint, including 78 paragraphs of purported "immaterial" allegations. *See id.* at *3. In this case, Plaintiff's Complaint contains a mere 10 pages and 39 paragraphs—only 12 of which contain the background material that is the primary focus of Defendants' motion to strike. *See* ECF No. 1.

Plaintiff may need to assert in the course of this litigation that require the demonstration of significant public interest in request for the record.³ *See* ECF No. 1, ¶¶ 2-13.

As identified in the Complaint, Plaintiff sought expedited processing for this request. *See* ECF No. 1, ¶ 21. In order to demonstrate that expedited processing is appropriate, FOIA requires that Plaintiff show a compelling need for the requested record. *See* 5 U.S.C. §§ 552 (a)(6)(E)(i)(I), (v)(II). Pursuant to DOJ's regulations, such compelling need may be shown where there is an "urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information" or a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(ii), (iv). Demonstrating widespread and exceptional media interest—as Plaintiff did through a citation to 17 different news articles discussing the matter at the core of its FOIA request in the challenged paragraphs—*see* ECF No. 1, ¶¶ 2-13—was thus relevant to Plaintiff's claims in this case. *See, e.g.*, *ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 31-32 (D.D.C. 2004) (determining that plaintiffs' citation to news articles that "were published in a variety of publications, and repeatedly reference the ongoing national discussion" about the topic at issue were relevant to a claim for expedited processing). Further, allegations demonstrating the existence of news reports and analysis raising serious ethical questions is relevant to expedition under DOJ's own factors for analysis. *See* 28 C.F.R. § 16.5(e)(1)(iv) ("Requests and appeals shall be processed on an expedited basis whenever it is determined that they involve . . . . [a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence.").

---

³ An analysis of the public interest may also be relevant in other contexts within a FOIA lawsuit, such as the assessment of attorney's fees. *See, e.g.*, *Los Padres ForestWatch v. U.S. Forest Serv.*, 775 F. Supp. 3d 353, 364-65 (D.D.C. 2025).

5

Though Defendant granted Plaintiff's expedition request because it satisfied the relevant standard, Defendant then failed to provide Plaintiff with the requested records in a timely manner. *See* ECF No. 1, ¶¶ 22-25. Once an agency grants an expedition request, the agency must process that request "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii). Defendant's estimate that it would take *620 days* to respond to a request for a single document—*see* ECF No. 1, ¶ 24—is a far cry from the 20 days envisioned by the statute. *See* 5 U.S.C. §§ 552(a)(6)(A)(i). The background information in the Complaint supporting Plaintiff's request for expedition thus sets the stage for future proceedings in this matter concerning the need for a brisk resolution of Plaintiff's claims. *See, e.g.*, *Elec. Priv. Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 38 (D.D.C. 2006) (noting that "courts have the authority to impose concrete deadlines on agencies that delay the processing of requests meriting expedition" as well as "the authority, and perhaps the obligation, to scrutinize closely agency delay").

Indeed, Plaintiff was right to surface concerns about ongoing delay here, where Defendant has already made production timing an issue in its motion to strike. According to Defendant, Plaintiff "claim[s] that Defendant's search was inadequate (apparently because it has in Plaintiff's view taken too long, despite being well within the usual timeline for searches on the expedited track)[. . .]." ECF No. 9, at 3-4. Setting aside whether Defendant's predicted 620-day timeline is "usual" for a single document, let alone within the timeline set by Congress, *see* 5 U.S.C. §§ 552 (a)(6)(A)(i), paragraphs 2 through 13 of Plaintiff's Complaint provide the context as to why Plaintiff believes expedited production is appropriate in this case. These paragraphs are thus "relevant to any pleaded claim for relief or defense." *Makuch*, 2000 WL 915767, at *2.

These challenged paragraphs also relate to potential claims Plaintiff has asserted and may need to assert later in this litigation involving the adequacy of Defendant's search for responsive

records and improper withholding of responsive documents. *See, e.g.*, *Khan*, 2024 WL 4164644, at *5 (determining that the "details of the alleged incident" underlying the FOIA request were "not necessary" per se, but still "*could* be relevant to whether Defendants have adequately searched for relevant records" in the context of the FOIA suit). For example, paragraph 3 quotes a news source that described the requested document as determining whether the underlying gift was "legally permissible"—a phrase relevant to determining adequacy of Defendant's search for responsive records. *See* ECF No. 1, ¶ 3. Allegations in paragraph 4 regarding the application of the U.S. Constitution's Foreign Emoluments Clause, in paragraph 8 regarding the potential ultimate recipient of the gift (the Trump presidential library foundation), and in paragraph 10 of potential recusal determinations by the Attorney General related to past lobbying work for Qatar relate to issues and key terms that may appear in or otherwise be related to the records sought. Thus, this background information may assist in determining the adequacy of Defendant's potential search for responsive records and in assessing whether any responsive records are ultimately improperly withheld. *See* ECF No. 1, ¶¶ 4, 8, 10.

      The facts alleged in the challenged paragraphs also have bearing on Defendant's potential defenses that the records sought by Plaintiff may be somehow exempt from disclosure. For example, paragraph 8 of the Complaint alleges the presumed use of the Qatari jet gift and identifies a non-governmental presidential library foundation as a potential ultimate recipient. *See* ECF No. 1, ¶ 5. These allegations are relevant should Defendant raise a claim under Exemption 5 of FOIA, 5 U.S.C. § 552(b)(5), which applies to inter- or intra-agency records and would not apply if the relevant document was shared with a non-governmental entity like that presidential library foundation. *See Am. Immigr. Council v. Dep't of Homeland Sec.*, 950 F. Supp. 2d 221, 238 (D.D.C.

2013). Plaintiff's allegations in these paragraphs plainly have sufficient "bearing on the subject matter of the litigation" that a motion to strike is inappropriate. *Khan*, 2024 WL 4164644, at *5.

Further, Defendant must demonstrate that it will suffer prejudice if the Complaint is not stricken. *See Wiggins*, 853 F. Supp. at 457 (noting the "high standard for prevailing on a motion to strike" requiring allegations be both "irrelevant" and "prejudicial to the defendant"). Defendant, at most, alludes to a suggestion that it will be prejudiced by having to respond to paragraphs 2 through 13. *See* ECF No. 9 at 4 – 5.  However, Defendant makes no showing as to *how* it would be prejudiced by having to respond to those paragraphs or why any prospective prejudice would justify the striking of the entire Complaint. *See id*. In fact, the at-issue paragraphs in Plaintiff's carefully pleaded Complaint would at most require the Defendant to acknowledge the existence of public reporting, not verify the veracity of any allegations within the reporting. To the extent the Defendant suggests that paragraphs 2 through 13 in Plaintiff's Complaint "impugn" the Defendant, the Attorney General, and the President, *id*. at 6, the Defendant makes no showing as to how, nor does it allege any specific factual inaccuracies in the underlying cited news reporting.

Instead, Defendant makes conclusory claims that Plaintiff's allegations are "scandalous" or "impertinent." *See e.g.*, ECF No. 9 at 2. Contrary to Defendant's histrionic assertions that the complaint includes a litany of "baseless allegations" such as "ethical impropriety" or "claims of illegality," *see* ECF No. 9, at 2, Plaintiff's allegations are in fact grounded in reporting by respected public news sources and cited in Plaintiff's Complaint. *See* ECF No. 1, ¶¶ 2-13.

Notably, the at-issue paragraphs point to the *existence* of public reporting that raises issues of public interest and make no direct allegations about the truth of that reporting as to any parties or non-parties to the litigation. Paragraphs 2 through 13 of the Complaint are not statements of Plaintiff's opinions. Instead, they summarize public reporting from 17 different news articles

discussing the requested document and its broader implications for important issues of government ethics. *See* ECF No. 1, ¶¶ 2-13. For instance, one paragraph Defendant calls "scandalous," ECF No. 9, ¶ 4, quotes directly the TruthSocial account of President Trump, characterizing the agreement at issue in this case. *See* ECF No. 1, ¶ 5. Another, which Defendant refers to as a "baseless allegation of ethical impropriety," ECF No. 9, ¶ 2, merely reflects a quote from a news source noting the gift raised "substantial ethical and legal questions." *See* ECF No. 1, ¶ 3. Defendant has not made the required showing that it will suffer prejudice, or that the allegations in the Complaint are harmful or scandalous to justify the striking of paragraphs 2 through 13 of Plaintiff's Complaint, much less the entire pleading. The Court should deny the motion.

## CONCLUSION

For the above reasons, the Court should deny Defendant's motion to strike Plaintiff's Complaint.

Dated: October 10, 2025                                Respectfully submitted,

*/s/ Loree Stark*
Loree Stark
D.C. Bar No. 90021926
Jessica Jensen
D.C. Bar No. 1048305
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
loree.stark@americanoversight.org

*Counsel for Plaintiff Freedom of the Press Foundation*