UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREEDOM OF THE PRESS FOUNDATION,

Plaintiff,

v.

DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 25-2432 (RBW)

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO STRIKE**

Defendant, the Department of Justice (the "Department"), respectfully replies in further support of its motion under Federal Rule of Civil Procedure 12(f) to strike in whole, or in part, the complaint in this Freedom of Information Act ("FOIA") action.[1]

**ARGUMENT**

At issue in this litigation is a straightforward claim under FOIA—that Defendant's search for the single record at issue was inadequate (because it had in Plaintiff's view taken too long to conduct) and that Defendant was wrongly withholding the requested record (because Plaintiff had not received a determination on the request at the time the Complaint was filed). *See* Compl. (ECF No. 1) ¶¶ 24, 28–39. Rather than confine its pleading to a "short and plain" statement of that straightforward claim as required by Rule 8, Plaintiff littered its complaint with "immaterial, impertinent, [and] scandalous" allegations of questionable or improper conduct, *id*. ¶¶ 2-13, that are irrelevant to its narrow FOIA claim.

---

[1]    Defendant's reply would have been due on October 17, 2025, following the filing of Plaintiff's opposition on October 10, 2025. *See* Opp'n (ECF No. 10). That deadline, however, was extended automatically by 53 days, to December 9, 2025, pursuant to Standing Order 25-59.

Plaintiff's opposition (ECF No. 10) attempts to justify its non-compliance with straw-man arguments and incoherent reasoning. And Plaintiff assails the Defendant's character by accusing Defendant of acting with improper motive in filing the instant motion to ensure compliance with the Federal Rules of Civil Procedure. These arguments are wholly unpersuasive and fail for five reasons.

First, prior to filing the instant motion, counsel for Defendant attempted to resolve Plaintiff's non-compliance with Rule 8 by requesting that Plaintiff voluntarily file an amended complaint with paragraphs 2-13 omitted. Plaintiff refused. Thus, any "dilatory tactic" cannot be attributed to Defendant, Opp'n (ECF No. 10) at 1, but instead stems from Plaintiff's own refusal to comply with its pleading obligations under the Federal Rules of Civil Procedure.

Second, Plaintiff initially relies on an admitted straw-man assertion, arguing that the background section is material to its FOIA claim because the "challenged paragraphs . . . constitute the factual basis underlying Plaintiff's request for expedition" given media interest in the matter. *Id*. at 4-5. But as Plaintiff concedes, the Department already granted Plaintiff's request for expedited processing *before* this lawsuit was filed. *Id*. at 6; Compl. (ECF No. 1) ¶ 22. Thus, any grounds supporting expedited processing are irrelevant to this action, dooming any attempt to ground the purported materiality of the background section of the complaint in such reasoning.

Worse, contrary to Plaintiff's suggestion, Opp'n (ECF No. 10) at 6, FOIA does not identify the public interest as a factor bearing on the pace of agency processing after an expedited processing request has been granted but rather directs only that the request be processed "'as soon as practicable.'" *Al-Fayad v. CIA*, 254 F.3d 300, 304 (D.C. Cir. 2001). The Department's granting of the request to expedite thus meant only that the request would be "given priority" and "placed

in the processing track for expedited requests," *see* 28 C.F.R. § 16.5(e)(4), a track that had an average processing time of 620 days when this lawsuit was filed. Compl. (ECF No. 1) ¶ 24.

Third, Plaintiff's assertion that "any future arguments" may "require the demonstration of significant public interest" also fails to prove the allegations in the background section relevant to its FOIA claim. Opp'n (ECF No. 10) at 4-5; *id*. at 7. As alleged in the complaint, the Department has not yet made any determination on Plaintiff's FOIA request, let alone that the document sought—a memorandum through which the Department conveyed legal advice to the President— would be withheld on the basis of a FOIA exemption that requires a public interest analysis. Compl. (ECF No. 1) ¶ 26. Thus, the need to establish the "public interest" in this matter is speculative at best.[2]

Nor is a FOIA plaintiff required to plead facts to negate a defense on which the defendant bears the burden, such as justification for any future claimed exemption. *See Citizens for Resp. & Ethics in Wash. ("CREW") v. United States*, 922 F.3d 480, 488. Instead, when, as here, a complaint rests on constructive exhaustion, a plaintiff need only allege it accorded with agency procedures of a FOIA request, reasonably describing the record sought and the agency's failure to make a determination on the request within the "required period of time." *Forestwatch v. U.S. Forest Serv.,* 775 F. Supp. 3d 353, 371 (D.D.C. 2025). Plaintiff recognized as much in its complaint by limiting its "Statement of Facts" section to six paragraphs. Compl. (ECF No. 1) ¶¶ 20-25. Plaintiff's own pleading, therefore, proves that paragraphs 2-13 are superfluous to its statement of a claim under FOIA. *See Heckerman v. Friedman*, No. 07-1625 (RBW), 2008 WL

---

[2] But even accepting Plaintiff's argument concerning paragraphs 4 and 8, Opp'n (ECF No. 10) at 7, there is no dispute that allegations concerning Jeffrey Epstein and purported personnel decisions at the Department, Compl. (ECF No. 10) ¶¶ 11-12, have no bearing on this FOIA claim or any conceivable future potential claim by Plaintiff.

11515638, at *4 (D.D.C. July 10, 2008) (cautioning that under Rule 12(f), a plaintiff shall "refrain from making sensational accusations against any of the defendants or any third parties unless the allegations are relevant to the plaintiffs' claims").

Fourth, Plaintiff fails to demonstrate with any coherence why these paragraphs are necessary to support potential future arguments regarding the adequacy of the Department's search for the single document at issue. Opp'n (ECF No. 10) at 6-7. As already addressed, there is no requirement to plead facts negating an affirmative defense. *CREW*, 922 F.3d at 488. But even setting that issue aside, Plaintiff fails to explain how the allegations of improper conduct in paragraphs 2-13 could bear on the agency's search for the single document at issue. At most, Plaintiff inaccurately suggests that the request seeks multiple records by using the phrase "records sought" in its argument, ignoring that the request at issue here—unlike the wide-ranging request in *Khan v. Department of Homeland Security*, No. 22-2480, 2024 U.S. Dist. LEXIS 163952 (D.D.C. Sept. 12, 2024)—is for a single document, not multiple "records." Opp'n (ECF No. 10) at 7.

Finally, Plaintiff seeks to excuse paragraphs 2-13 by claiming they were taken from the media—as if Rule 12(f) permits impertinent and scandalous allegations to be used with impunity in a legal filing because they have been publicized elsewhere. *Id*. at 8. Plaintiff also overlooks that news articles often contain commentary and opinion, not merely pure facts. And, by claiming that those paragraphs "would at most require the Defendant to acknowledge the existence of public reporting, not verify the veracity of any allegations within the reporting," *id*., Plaintiff ignores that its complaint frames the allegations in the background section as assertions of fact, with media reports merely serving as supporting citations for some (but not all) of the allegations.

These paragraphs allege, for instance, that "[t]he acceptance of the Qatari aircraft by the Trump Administration in May 2025 sparked significant legal and ethical questions" (Compl. (ECF No. 1) ¶ 2); the Attorney General "previously lobbied on behalf of the Qatari government" (*id*. ¶ 3); the legal memorandum concluded that the acceptance of the plane was "'legally permissible'" (*id*.); the "details surrounding the transaction have remained murky" (*id*. ¶ 5); "the Trump Administration had initiated the discussion when President Trump became frustrated with an expected two-year wait for Boeing to replace the current presidential planes" (*id*. ¶ 6); "the announcement that the plane will ultimately be donated to President Trump's private presidential library foundation after his presidency threatens to 'expand a known problem with library foundations'—specifically, that donors can curry favor with a sitting President by funneling money or property to a largely unregulated private foundation—'into a crisis'" (*id*. ¶ 8); "Attorney General Bondi's decision not to recuse herself from this matter, despite her links to the Qatari government, adds to a growing body of questionable ethical practices that have arisen during her short tenure as Attorney General" (*id*. ¶ 10); and also reference alleged personnel decisions at the Department and the handling of the Jeffrey Epstein files (*id*. ¶¶ 11-12).

Contrary to Plaintiff's assertion, *see* Opp'n (ECF No. 10) at 8, because Rule 12(f) is written "in the disjunctive," it "does not by its terms require that matters be prejudicial to be stricken." *Makuch v. F.B.I.*, No. 99-1094, 2000 WL 915767, at *2 (D.D.C. Jan. 7, 2000); *see also Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 190 (D.D.C. 2005) (explaining either "prejudicial or scandalous" allegations may be stricken). Nevertheless, the prejudice stemming from these allegations is obvious. Plaintiff's allegations distort the purpose of a document disclosure statute, FOIA, by masquerading a request for "answers to questions" as a FOIA complaint. *Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, No. 16-14192, 2017 U.S. Dist. LEXIS 87758, at 8 (E.D. Mich.

June 8, 2017) (observing that requiring "Defendants to identify where the '100 mile' boundary begins in its answer to the complaint circumvents FOIA, which requires agencies to provide access to records, not answers to questions"); *see also Robert v. Dep't of Just.*, No. 05-2543, 2005 U.S. Dist. LEXIS 33793, at *33 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims"). Further, the prejudicial allegations assail the character of our Nation's top officials and seek to impugn the reputation and credibility of the Department. *See, e.g.*, *Jud. Watch, Inc. v. U.S. Dep't of Com.*, 224 F.R.D. 261, 264 (D.D.C. 2004) (striking as scandalous, impugning statements that were "an obvious attempt to impugn the character of persons employed by the defendant" because those "do not constitute facts that inform the Court's decision").

In short, Plaintiff should not be permitted to use its Complaint to impugn Defendant, much less non-parties like the President and Attorney General. The Court thus should strike the Complaint or, at a minimum, its entire background section, *see* Compl. (ECF No. 1) ¶¶ 2-13.

* * *

## CONCLUSION

For the above reasons, and those set forth in Defendant's motion, the Court either should issue an order striking the Complaint, with Plaintiff granted leave to refile in accordance with the requirements of Rule 8, or issue an order striking the entire background section of the existing Complaint.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

PETER C. PFAFFENROTH, D.C. BAR #496637
Chief, Civil Division

By:____/s/ Jeremy S. Simon_____
    JEREMY S. SIMON, D.C. BAR #447956
    Assistant United States Attorney
    601 D. Street, N.W.
    Washington, D.C. 20530
    (202) 252-2528
    Jeremy.Simon@usdoj.gov

*Attorneys for the United States of America*